UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

--------------------------------------X

ANN SWEENER,

Plaintiff,

-against-

SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION and HONEYWELL INTERNATIONAL INC. f/k/a ALLIED-SIGNAL INC.,

Defendants.

--------------------------------------X

Docket No.: 1:17-CV-0532 (LEK/DJS)

**COMPLAINT FOR DAMAGES**

Jury Trial Demanded

Plaintiff, by and through her attorneys, Reiner, Slaughter & McCartney LLP, upon information and belief, allege that:

**PARTIES**

1. Plaintiff ANN SWEENER was and is a resident of Rensselaer County, New York.

2. More specifically, Plaintiff ANN SWEENER at all times mentioned, was and is a resident of Hoosick Falls, New York with a mailing zip code of 12090.

3. Defendant Saint-Gobain Performance Plastics Corp. (hereinafter "SAINT-GOBAIN"), at all times mentioned, was and is a Delaware corporation, organized and existing under the laws of the State of Delaware, with its principal place of business located at 750 East Swedesford Road, Valley Forge, Pennsylvania 19482 but having sufficient contacts with the State of New York to give this Court jurisdiction.

4. SAINT-GOBAIN is a Paris-based multinational corporation

with centuries of engineered materials experience. SAINT-GOBAIN is one of the 100 largest industrial companies in the world with € 43.2 billion in sales and 193,000 employees in 64 countries. SAINT-GOBAIN employs more than 1,000 people in the State of New York.

5. SAINT-GOBAIN is the world's leading producer of engineered, high performance plastic products, supplying virtually every major industry around the world.

6. Defendant HONEYWELL INTERNATIONAL INC. f/k/a ALLIED-SIGNAL INC., (hereinafter "HONEYWELL") at all times mentioned, was and is a Delaware Corporation, organized and existing under the laws of the State of Delaware, with its principal place of business located at 115 Tabor Road, Morris Plains, New Jersey 07960.

7. Defendant HONEYWELL transacts business in New York State and may be served by and through its registered agent for service of process at C/O Corporation Service Company, 80 State Street, Albany, New York 12207.

8. HONEYWELL is a Fortune 100 company with approximately 130,000 employees worldwide and has operations at about 1,250 sites in 70 countries. HONEYWELL serves a variety of industries including homes and building, aviation, defense, space, oil and gas and the specialty chemical industry.

9. In 1999, Honeywell was acquired by Allied-Signal, which

elected to retain the Honeywell name for its brand recognition.

10. Defendants, at various times relevant herein, and as described more fully below, operated manufacturing facilities at 14 McCaffrey Street and at 1 Liberty Street in Hoosick Falls, New York.

**JURISDICTION AND VENUE**

11. The Defendants, directly and by and through their agents, avail themselves of the privilege of conducting business activities and transactions in New York, deriving significant income from such business in Rensselaer County.

12. Defendants conduct business in this District, have caused harm to Plaintiff in this District and Plaintiff resides in this District.

13. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

14. This Court has diversity jurisdiction by virtue of 28 U.S.C. § 1332.

15. This Court has venue pursuant to 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

16. Residents of Hoosick Falls, New York receive their

drinking water from groundwater. Although unknown to them, for years they have been drinking water laced with the dangerous chemical perfluorooctanoic acid, commonly known as PFOA. When consumed or used for normal everyday activities like bathing and cooking, PFOA can cause numerous serious health issues.

17. The State of New York has identified SAINT-GOBAIN and HONEYWELL (f/k/a Allied-Signal Inc.) as two parties potentially responsible for the contamination of the groundwater in Hoosick Falls.

18. Defendants SAINT-GOBAIN and HONEYWELL contaminated the aquifer beneath Hoosick Falls with PFOA.

19. On January 27, 2016, Governor Cuomo directed New York State agencies to use Superfund money to deal with PFOA in the Hoosick Falls' water system and in private wells.

20. PFOA is a man-made chemical that is manufactured and not found naturally. It is used in the process of making Teflon and similar chemicals.

21. Companies used PFOA to make fabrics water and stain resistant.

22. There are numerous health risks associated with chronic exposure to PFOA and these risks are present even when ingested at seemingly low levels (less than 1.0 parts per billion.

23. In 2016, the EPA issued a lifetime drinking water

health advisory of 70 parts per trillion for human exposure to PFOA. This advisory was in response to health and environmental officials in New York, Vermont and New Hampshire dealing with the discovery of elevated levels of PFOA in public water systems and private wells.

24. Studies in lab animals have found that exposure to PFOA increases the risk of certain tumors of the liver, testicles, mammary glands and pancreas.

25. Studies in humans have found that people exposed to PFOA from living near or working in chemical plants have increased risk of testicular cancer and links to kidney, thyroid, prostate, bladder, uterine and ovarian cancers.

26. Exposure over .5 parts per billion of PFOA is associated with increased risk of testicular cancer, kidney cancer, thyroid cancer, high cholesterol, ulcerative colitis and pregnancy induced hypertension.

27. These injuries, however, can manifest years after a person's exposure to PFOA.

28. The NYS DOH has identified the SAINT-GOBAIN factory at 14 McCaffrey Street in Hoosick Falls as a probable source for the presence of PFOA in the municipal water supply and local aquifer in Hoosick Falls, New York.

29. The SAINT-GOBAIN factory at 14 McCaffrey Street is

currently listed in the Registry of Inactive Hazardous Waste Disposal Sites in New York State due to PFOA contamination.

30. A second site at 1 Liberty Street in Hoosick Falls, also owned by SAINT-GOBAIN and previously owned by HONEYWELL, has been designated and classified as a potential site, meaning that preliminary information suggests that the site and surrounding areas may be contaminated.

31. Samples taken from beneath the McCaffrey Street site, showed PFOA levels up to 40 times greater than the EPA guidelines.

32. The facility on McCaffrey Street was sold by the original owner Dodge Fiber to Oak Industries in 1967, which in turn sold it to Allied-Signal in 1986.

33. Allied-Signal sold the facility to Furon Company in 1997.

34. SAINT-GOBAIN purchased the facility in or around 1999 and remains the current owner of the plant.

35. Upon information and belief, throughout the Oak Industries, HONEYWELL and Furon ownership of the McCaffrey Street plant, each company manufactured stain and water resistant fabric and other products at that factory.

36. Upon information and belief, SAINT-GOBAIN continued to

manufacture water and stain resistant fabric and other products at the McCaffrey Street plant from its purchase of the factory until approximately 2004.

37. Upon information and belief, throughout this entire period, from 1967 to 2004, each company utilized PFOA in the manufacturing of stain resistant fabric and other products at the McCaffrey Street plant on a daily basis.

38. Upon information and belief, SAINT-GOBAIN, Furon and HONEYWELL utilized trays for the application of the PFOA solution to the fabric. Employees recovered most of the solution at the end of the run each shift.

39. Upon information and belief, Defendants' employees, at the direction of corporate officers, washed out and discharged the remaining PFOA solution into drains on a daily basis during each shift. Those drains resulted in the discharge of PFOA into the soil and, ultimately, into the local water.

40. Upon information and belief, throughout this entire period, SAINT-GOBAIN, Furon and HONEYWELL also utilized PFOA in a solid form as a part of a separate manufacturing process to make pressure sensitive tapes, Teflon coated fabrics and Teflon sheet, tape and laminates while it owned the McCaffrey Street plant.

41. Upon information and belief, SAINT-GOBAIN also

utilized PFOA in other processes at the McCaffrey Street plant including but not limited to: PTFE film, adhesive tapes and silicone rubber for aeronautical, automotive, food processing and energy applications.

42. Upon information and belief, Defendants utilized several large ovens as a part of manufacturing where PFOA was baked on a daily basis.

43. Upon information and belief, Defendants' employees removed PFOA residue from the ovens by washing internal components in a large sink. At the end of each cleaning, the waste water from the cleaning was discharged down a drain that may have been released into a septic system or catch basin near the McCaffrey Street facility. Those drains and other discharge points resulted in the discharge of PFOA into the soil and, ultimately, into the local water.

44. The Village of Hoosick Falls has a population of approximately 3,500.

45. The Village of Hoosick Falls operates and maintains the municipal water system providing water to approximately 95% of the Village's residents.

46. In or around 2007, Hoosick Falls completed the construction of a new production well to supply municipal water to residents of Hoosick Falls. This municipal water production

well lies approximately 500 yards from the McCaffrey Street facility.

47. In June 2015, the Hoosick Falls Water Department conducted tests on the water wells in order to discern whether PFOA existed within the water supply.

48. The tests confirmed the presence of PFOA in high concentrations within the municipal water system of Hoosick Falls.

49. Testing of municipal water in Hoosick Falls detected PFOA levels of 612 parts per trillion (ppt), 618 ppt, 620 ppt and 662 ppt. This is more than eight (8) times the EPA recommended limit.

50. On November 25, 2015, the EPA contacted the Village of Hoosick Falls and recommended the use of an alternative drinking water source and recommended that residents not use the municipal water for drinking and cooking.

51. SAINT-GOBAIN began providing free bottled water to citizens of Hoosick Falls and agreed to fund the installation of a granulated activated carbon filter system on the municipal water system to remove PFOA from drinking water.

52. On January 22, 2016 the Hoosick Falls School District announced that testing identified PFOA within its well water at its transportation center.

53. On January 27, 2016 Governor Cuomo directed state

agencies to use State Superfund money to deal with PFOA in the Hoosick Falls' municipal water system. The State Health Commissioner said that the SAINT-GOBAIN plant would be deemed a state Superfund site and designated it a Class 2 site.

54. That same day, the Governor announced an emergency regulation to classify PFOA a hazardous substance.

55. On or about February 1, 2016, New York State Senator Chuck Schumer called on SAINT-GOBAIN to disclose immediately the full extent of the pollution it caused. Senator Schumer stated, "Saint-Gobain did this. They've got to first come clean as to what happened, where they put the stuff, and then work on a plan to quickly clean it up."

56. On or about February 11, 2016, the DEC wrote official letters to SAINT-GOBAIN and ALLIED-SIGNAL identifying the two companies as the parties responsible for PFOA contamination at one or more properties in Hoosick Falls, including the McCaffrey Street Site.

57. The DEC's letter to SAINT-GOBAIN and HONEYWELL constituted a demand that they enter into an enforceable Consent Order to characterize and investigate the extent of the contamination, to provide interim remedial measures to protect public health and drinking water supplies, to analyze alternatives for providing clean and safe drinking water and to

design and implement a comprehensive clean-up and remediation at the McCaffrey Street plant and any additional locations.

58. The DEC letter further advised SAINT-GOBAIN and HONEYWELL that "responsible parties are liable for the reimbursement of funds expended by the State of New York in taking responsive actions at sites where hazardous substances and/or wastes have been released."

59. In June 2016, both SAINT-GOBAIN and HONEYWELL executed an Order on Consent and Administrative Settlement which requires them to perform numerous actions to study and remediate the PFOA contamination of Hoosick Falls at their cost.

60. Plaintiff ANN SWEENER has continuously resided in Hoosick Falls, New York from 1990 to the present.

61. During that time, Plaintiff ANN SWEENER was exposed to Hoosick Falls municipal water through drinking, cooking, bathing, laundering clothes and gardening. She did so with the same Hoosick Falls water that was contaminated with high levels of PFOA.

62. Plaintiff ANN SWEENER was directly but unknowingly exposed to PFOA through the continued use of the Hoosick Falls municipal water from 1990 until 2015.

63. On August 25, 2010, Plaintiff ANN SWEENER was diagnosed with endometrial adenocarcinoma of the ovaries. This is better known as stage III uterine cancer.

64. From about October 2010 to January 2011, Plaintiff ANN SWEENER underwent chemotherapy treatment for her uterine cancer.

65. From about April 2011 to March 2015, Plaintiff ANN SWEENER underwent radiation therapy to treat her uterine cancer.

66. As a result of the EPA Press Releases and announcements of the testing results of the Hoosick Falls municipal water, Plaintiff ANN SWEENER was tested for PFOA in February 2016.

67. On or about May 20, 2016, Plaintiff ANN SWEENER received test results confirming high levels of PFOA in her body of 61.9 ug/L. The 50th percentile of the U.S. population maintains PFOA levels of 2.08 ug/L so Plaintiff's levels were thirty times normal.

68. Plaintiff ANN SWEENER, because she lived in Hoosick Falls, was exposed to high levels of PFOA that was released into the groundwater by Defendants.

69. As a result of this exposure to the PFOA in the municipal water, Plaintiff ANN SWEENER suffered severe and permanent injuries including stage III uterine cancer.

70. At all times relevant to this Complaint, Plaintiff ANN SWEENER was unaware of the hazards of exposure to PFOA and that she was being exposed to a chemical hazard which could cause her permanent and severe harm.

71. The Defendants knew or should have known of the

hazardous nature of PFOA at the time Defendants released the PFOA into the groundwater and municipal water system. Notwithstanding, the Defendants failed to warn of the dangerous nature of PFOA and failed to give instruction to Plaintiff and her fellow Hoosick Falls citizens on the avoidance of PFOA.

72. Defendants are and were under a continuing duty to disclose to Plaintiff the exposure of the municipal water system to PFOA. Because of Defendants' failure to disclose and active concealment of the true character, quality and nature of the release of PFOA, Defendants are estopped from relying on any Statute of Limitations in their defense of this action.

73. Further, because Plaintiff did not discover and could not have reasonably discovered her high levels of PFOA before May 20, 2016, her statute of limitations was tolled until that time under CPLR 214-c.

**FIRST CAUSE OF ACTION - NEGLIGENCE**

74. Plaintiff repeats and realleges paragraphs 1 through 73.

75. Defendants knew or should have known that use of PFOA and the discharge of PFOA into the Hoosick Falls water supply was potentially hazardous to human health and required them to take adequate safety precautions to ensure that PFOA was not released into the surrounding environment.

76. Defendants knew or should have known that it was unsafe and unreasonably dangerous to wash out or discharge filters or trays containing PFOA onto the ground within floor drains in and in close proximity to the McCaffrey Street plant.

77. Defendants knew or should have known that it was unsafe and unreasonably dangerous to wash out or discharge into the environment the PFOA-containing residue from the manufacturing ovens and their stacks.

78. Defendants had a duty to take all reasonable measures to ensure that PFOA would be effectively contained and not discharged into the surrounding environment.

79. Defendant further had a duty to ensure that the manufacturing processes they chose to employ did not unreasonably endanger the drinking water relied upon by residents of Hoosick Falls and the surrounding area.

80. Defendants breached the above duties by unsafely and unreasonably disposing of PFOA in a manner that guaranteed the PFOA would enter the environment, including the municipal water supply.

81. As a result of the Defendants' breach, the drinking water in Hoosick Falls has become contaminated with high and unsafe levels of PFOA.

82. As a result of Defendants' breach, Plaintiff ANN

SWEENER was exposed to high levels of PFOA as evidence by the test results she received on May 20, 2016.

83. Defendants, through their negligent, reckless or intentional acts and omissions alleged herein, have contaminated the municipal drinking water in Hoosick Falls.

84. This contamination of the municipal drinking water with high and unsafe levels of PFOA, were a proximate cause of the damages suffered by Plaintiff ANN SWEENER.

85. By engaging in said conduct, the Defendants are liable to Plaintiff.

86. Said conduct of the Defendants was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages.

**SECOND CAUSE OF ACTION - STRICT LIABILITY FOR ABNORMALLY DANGEROUS ACTIVITY**

87. Plaintiff repeats and realleges paragraphs 1 through 86.

88. Defendants' manufacturing processes and negligent, reckless and intentional handling of PFOA constituted an abnormally dangerous activity for which Defendants are strictly liable.

89. Defendants' use and disposal of PFOA Solution or other waste containing PFOA, as described herein, was inappropriate to the place where it was carried out, especially given the McCaffrey Street plant's close proximity to sources of drinking water relied upon by residents of Hoosick Falls, including Plaintiff ANN SWEENER.

90. Furthermore, Defendants' use and disposal of PFOA, and the reckless disregard for the consequences of those actions, carried a high degree of risk of harm to others and a likelihood that any such harm would be great.

91. The result of Defendants' conduct was made clear when the State of New York declared the Village of Hoosick Falls a Superfund site and activated emergency funds to remediate the situation.

92. Defendants' abnormally dangerous activities were the proximate cause of the damages suffered by Plaintiff ANN SWEENER.

93. Said conduct of the Defendants was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages.

**THIRD CAUSE OF ACTION - PRIVATE NUISANCE**

94. Plaintiff repeats and realleges paragraphs 1 through 93.

95. Defendants, through the negligent, reckless or intentional acts and omissions alleged herein, have contaminated the municipal drinking water of Hoosick Falls.

96. The contamination of Plaintiff's drinking water has interfered with her rights to use and enjoy her property. This interference has caused and is causing Plaintiff to refrain from using water to drink, cook or bath, which in turn has caused significant inconvenience, expense and a disruption of Plaintiff's life.

97. Defendants' negligent, reckless or intentional acts and omissions were unreasonable and constitute a continuous invasion of the rights of Plaintiff.

98. Defendants' activities were the proximate cause of the damages suffered by Plaintiff ANN SWEENER.

99. The conduct of the Defendants was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages.

## CPLR 1602 EXCEPTIONS

100. Plaintiff's lawsuit falls within one or more of the enumerated exceptions of article 1602 of the CPLR, specifically subdivisions 1602 (2), 1602 (7), 1602 (9) and 1602 (11)

**WHEREFORE**, Plaintiff demands judgment against the Defendants, severally and jointly:

a. Compensatory damages on each Cause of Action;
b. Punitive damages on each Cause of Action;
c. All together with interest, costs and disbursements; and
d. Such other and further relief as this Court deems just and proper.

Dated: Rye, New York
May 12, 2017

Terrence E. McCartney (TM9831)
**Reiner, Slaughter & McCartney LLP**
Attorneys for Plaintiff
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
(914) 925-3424